STATE OF NORTH DAKOTA, ex rel. STRUTZ, Appellant, v. PERKINS COUNTY, Respondent

(9 N. W.2d 500.)

(File No. 8545.   Opinion filed May 14, 1943.)

**Alvin C. Strutz,** Atty. Gen., State of North Dakota, **P. O. Sathre,** Asst. Atty. Gen., and **Van Slyke & Agor,** of Aberdeen, for Appellant.

**F. J. Reeder, C. G. Carrell,** and **Leslie Hersrud,** all of Lemmon, for Respondent.

ROBERTS, P.J.   Roy A. Hulm resided in Perkins County prior to June 25, 1937, when he, with his wife and ten children moved to Bismarck, Burleigh County, North Dakota.   The family continued to receive, after its departure from this state, public relief from Perkins County until July, 1938.   The District Court of Burleigh County, North Dakota, on September 1, 1938, in the exercise of authority conferred by Chapter 119, North Dakota Laws 1935, made an order as follows : "It is hereby ordered That the Sheriff of Burleigh County, North Dakota, or his deputy, forthwith take and convey the said defendants Roy A. Hulm, and Mrs. Roy A. Hulm and dependents to the state line between North Dakota and South Dakota, at a place nearest the said Perkins County, South Dakota, the place of legal residence of said defendants for relief purposes as aforesaid."

Perkins County denied liability contending that under the provisions of SDC 50.0102(6) this indigent family because of its absence from the state for a period of thirty days did not have a legal settlement in the county. The trial court was of the opinion that the family had abandoned its residence in Perkins County and no longer had a legal settlement in this state.

The allegations of the complaint, the findings of fact and conclusions of law proposed by counsel for the plaintiff suggest the following possible grounds upon which plaintiff sought judgment in the court below: (1) that SDC 50.0102 "is unreasonable and arbitrary and not passed in good faith but passed for the sole purpose of arbitrarily relieving the State of South Dakota and its counties from their legal liability to their indigents" and is in violation of the due process clauses of both the federal and state constitutions and the privilege and immunity clause of our state constitution, and that plaintiff is entitled to judgment permitting the deportation of the family into Perkins County; (2) and that under the full faith and credit clause of the Constitution of the United States (§ 1, Art. 4) the judgment rendered by the District Court of Burleigh County, North Dakota, a court of record and of general jurisdiction, which deter-

mined the legal settlement of the Hulm family to be in Perkins County, this state, is conclusive as to the merits adjudicated.

█ Plaintiff has pleaded at length the statutes of North Dakota pertaining to settlement for relief purposes. It is contended that because of their indigent status the father and the members of his family can not acquire a settlement for relief purposes in that state. These statutes do not have extra territorial force, but are local in their nature and operation. These indigent persons do not necessarily continue to have a settlement in this state because they have not acquired another in the state to which they have removed.

█ It is argued that the trial court did not give full faith and credit to the records and judicial proceedings of the District Court of Burleigh County. There was no service of process on defendant county and it did not voluntarily appear in the proceeding. The determination of that court that the indigent persons had a legal settlement in Perkins County is not binding in the courts of this state in so far as it involves a county which was not a party to the proceedings and did not appear therein and no denial of full faith and credit to judicial proceedings in a sister state is involved. Hall et al. v. Lanning et al., 91 U. S. 160, 23 L. Ed. 271; Board of Public Works of Virginia v. Columbia College et al., 17 Wall. 521, 21 L. Ed. 687. The decree may too involve the problem of interstate removal of indigent persons. A statute making it a misdemeanor to bring indigent persons into a state has been recently held invalid. Edwards v. California, 314 U. S. 160, 62 S. Ct. 164, 86 L. Ed. 119; see also 42 Col. L. Rev. 139; 55 Harv. L. Rev. 873; 40 Mich. L. Rev. 711; 28 Va. L. Rev. 409. But we need not consider the question of interstate removal of indigents.

██ The obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds. Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329; South Dakota Employers

Protective Ass'n et al. v. Poage, 65 S. D. 198, 272 N. W. 806; Sioux Falls Paint & Glass Co. v. Knudtson, 66 S. D. 261, 281 N. W. 201. No liability exists for reimbursement for relief furnished unless there is a statute authorizing the reimbursement or the relief is furnished pursuant to the request of some one having authority to act. Hamlin County v. Clark County, supra; Roane v. Hutchinson County, 40 S. D. 297, 167 N. W. 168. The instant case does not involve a question of reimbursement. Nor is it a case of indigent persons seeking to require the furnishing of public relief, cf. People ex rel. Heydenreich et al. v. Lyons, 374 Ill. 557, 30 N. E.2d 46, 132 A. L. R. 511.

The further question which presents itself is whether the controversy between the parties may be determined under the Uniform Declaratory Judgment Law. This statute provides that "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." SDC 37.0101. It applies to persons "whose rights, status, or other legal relations are affected by a statute," and such persons "may have determined any question or construction of validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder." SDC 37.0102. The statute further provides that "When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." SDC 37.0111.

■ The statute in question does not require courts to render advisory opinions or to determine moot or theoretical questions. Security State Bank et al. v. Breen et al., 65 S. D. 640, 277 N. W. 497. It is well settled that an action for a declaratory judgment must involve a controversy of a justiciable character between parties having adverse interests and the party seeking such relief must have a legally protectible interest. 16 Am. Jur.; Declaratory Judgments, § 10; State ex rel. La Follette v. Dammann, 220

Wis. 17, 264 N. W. 627, 103 A. L. R. 1089; Langer et al. v. State et al., 69 N. D. 129, 284 N. W. 238. Plaintiff is not asserting an obligation resting upon a principle of universal acceptation analogous to a contractual obligation. The obligation under the statutes of this state providing for public relief is local in character and plaintiff has no cognizable interest thereunder. We conclude that the trial court was without jurisdiction to make a declaration.

The judgment appealed from is reversed and the cause is remanded with directions to dismiss the complaint. No costs to be taxed.

All the Judges concur.