SIOUX VALLEY HOSPITAL ASSOCIATION, a Charitable Corporation, Plaintiff and Appellee,

v.

DAVISON COUNTY, South Dakota, Defendant and Appellant.

Nos. 12965, 12966.

Supreme Court of South Dakota.

Argued May 27, 1980.

Decided Oct. 29, 1980.

Rehearing Denied Nov. 21, 1980.

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee; Ellsworth E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

Clyde E. Saukerson, Deputy State's Atty., Mitchell, for defendant and appellant.

* Per stipulation in the trial court proceedings.

DUNN, Justice (on reassignment).

This consolidated appeal concerns the rights of hospitals to recover from a county for medical care furnished to indigent residents of the county under the statutory scheme set out in SDCL ch. 28–13. Sioux Valley Hospital (Hospital) filed a claim for reimbursement by Davison County (County) for the alleged actual costs (hereinafter referred to as true costs) for hospitalization of three infants, less credit for the first thirty days' costs covered by Title XIX. After the county commissioners had in both cases rejected Hospital's claim for reimbursement, Hospital brought suit to recover. The trial court held that County owed Hospital for true costs of care rendered and entered judgment in the amount sought in each case. County appeals and we reverse.

In both cases Hospital admitted the infants, in one case baby girl Whitaker and in the other case baby boy and girl twins Kapsch, for emergency treatment in Hospital's perinatal unit within one day after birth. There is no question of residency or timely notice. Rather, the issue * is whether Hospital is entitled to recover true costs or "actual cost" of hospital services furnished to the patients in question, as determined by a statement filed with the Secretary of Health (Secretary) pursuant to SDCL 28-13-28. County argues that the latter cost is applicable and that in each case Hospital had recovered in excess of that amount under Title XIX payments so that County had no further liability.

■ . In *State of North Dakota v. Perkins County*, 69 S.D. 270, 273–274, 9 N.W.2d 500, 501 (1943) (citations omitted), it is stated:

The obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds. No liability exists for reimbursement for relief furnished unless there is a statute authorizing the reimbursement or the relief is furnished pursuant to the request of some one having authority to act.

Therefore, any liability of County for care provided to these indigents must be found in the applicable statutes or not at all. Any other view would dilute our decision in *State of North Dakota v. Perkins County*, supra, and allow reimbursement to the hospital by judicial fiat.

SDCL 28–13–28 provides that each hospital that would avail itself of the reimbursement provision must file with Secretary a detailed statement in such form as Secretary shall prescribe, computing and showing the "actual cost" to such hospital of quarters, board, and hospital services furnished to the patients.

SDCL 28–13–29 then provides that "actual cost" as to any item of hospitalization services shall be deemed those costs as set forth in such statement. Hospital now urges that "actual cost" means something other than that which is set forth in this statute. But Hospital is entitled to reimbursement only for "actual cost" as defined and provided for in SDCL 28–13-27 to 28–13–36. The form prescribed by Secretary in this instance does operate inadequately to establish the true costs as it pertains to these infants because it involves the use of averages, but the true costs in an individual case is not the figure we are dealing with. We must limit our review to the "actual cost" as provided for in the applicable statutes and that is the amounts set forth on the detailed statements provided by Secretary.

Hospital filed such a statement with Secretary and the County is willing to pay for the "actual cost" according to that statement. Now Hospital complains that services were rendered for these infants in a perinatal unit (which is an intensive care nursery unit) and that the true costs far exceeds the "actual cost" set out in its statement to Secretary and wishes to be reimbursed therefor.

The question really becomes one of whose responsibility it was to accurately define the "actual cost" of services in the perinatal unit. County certainly had no responsibility and no knowledge to accurately define the costs. Secretary had a responsibility to provide a form for making the statement by each and every hospital in the state, but his responsibility could hardly cover this type of infant care which is unique to only this one hospital. The record is void of any attempt by Hospital to advise Secretary of this extraordinary care, or to make any supplemental statement in regard to the true costs of service in the perinatal unit, which would raise the "actual cost" set out in its statement to Secretary.

It is our opinion that Hospital, with the only perinatal services in the state, had a clear duty to request a form or file an amendment which would cover these unique services, if it expects to be reimbursed according to SDCL ch. 28–13. The failure to do so forecloses any attempt by Hospital to collect for such extraordinary services from County under the controlling statutes of South Dakota, beyond what is provided for by SDCL 28–13–27 to 28–13–36. The remedy is entirely statutory. If the statutes are found to be wanting, the remedy should be addressed to the legislature.

Accordingly, we reverse the judgments of the trial court.

All the Justices concur.