SIOUX VALLEY HOSPITAL ASSOCIATION, a Charitable Corporation, Plaintiff and Appellant,

v.

Jason and Randee BRYAN, Defendants,

and

Jones County, South Dakota, Defendant and Appellee.

No. 15359.

Supreme Court of South Dakota.

Argued Oct. 21, 1986.

Decided Jan. 14, 1987.

notwithstanding.

Thomas M. Frankman of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Charles D. Kell, Jones County State's Atty., Murdo, for defendant and appellee.

HENDERSON, Justice.

## PARTIES/PROCEDURAL BACKGROUND

For purposes of convenience and clarity, we shall refer to appellant/Sioux Valley Hospital as Hospital and appellee/Jones County as County. Jason and Randee Bryan are denominated as Bryans. Hospital seeks reimbursement from County for costs of $914.75 incurred during emergency air transportation of an indigent County resident. Hospital additionally asserts that the circuit court lacked jurisdiction to decide the case due to County's failure to avail itself of an administrative remedy. The circuit court ruled that it had jurisdiction to decide the case and Hospital should not recover its air transport costs from County. Hospital appeals and we reverse.

## FACTS

On August 19, 1984, at St. Mary's Hospital in Pierre, South Dakota, Randee Bryan, wife of Jason Bryan, gave birth to a son, Tyler W. Bryan. However, complications arose. The attending physician contacted and requested that Baby Bryan be admitted to Hospital in Sioux Falls, South Dakota. Hospital dispatched its air ambulance to pick up Baby Bryan in Pierre and transport him to Sioux Falls. Baby Bryan was admitted into Hospital on August 19, 1984, and remained there until his release on August 29, 1984.

Although it is not clear from the record, Hospital evidently attempted to collect the debt from the Bryans. Bryans maintained they were unable to pay. Hospital then filed suit on June 5, 1985, against Bryans and their county of residence, Jones County.

Later, Bryans filed for bankruptcy, and were dismissed from this action on December 5, 1985. Bryans were further found to be indigent (within the meaning of SDCL ch. 28–13) and unable to pay for services provided to their son by Hospital. Hospital looked to County for payment of the debt which totalled $5,575.97. County responded and forwarded payment for all charges ($4,661.22) except the cost of Baby Bryan's air ambulance transportation from Pierre to Sioux Falls ($914.75). County claimed that air transport costs did not come within the ambit of SDCL 28–13–27 "[h]ospitalization of poor persons" and Hospital should not be reimbursed for these charges.

It was agreed by the litigants that the court could decide if the transportation cost was properly part of charges made by Hospital to County for care of indigents under SDCL ch. 28–13. On May 1, 1986, the court entered judgment in favor of County. Thereupon, it was determined that SDCL 28–13–27 through SDCL 28–13–36, inclusive, entitled Hospital to reimbursement for all hospitalization costs incurred during

emergency treatment of indigent Baby Bryan. The court determined that County had already complied with that requirement. Air ambulance services were not covered in the statute, however, per the court's interpretation, and if it permitted such charges to be levied on County, it would be engaged in an act of legislating. It also held that the Hospital Statement of Reimbursement Costs, which included an item called "transports," filed with the Secretary of Health, and not objected to by County, did not automatically allow Hospital recovery for air transportation. We address two issues.

## ISSUES/DECISION

### I.

THE CIRCUIT COURT HAD JURISDICTION TO DECIDE THE QUESTION OF THE LIABILITY OF JONES COUNTY TO SIOUX VALLEY HOSPITAL FOR EMERGENCY AIR TRANSPORTATION COSTS.

Every county has a duty to relieve and support poor and indigent persons who reside within its boundaries. SDCL 28–13–1. This obligation emanates from the statutes and not from common law. *State of North Dakota ex rel. Strutz v. Perkins County*, 69 S.D. 270, 273, 9 N.W.2d 500, 501 (1943). There exists a specific duty on the counties to provide hospitalization, medical care, and treatment for poor persons. SDCL 28–13–27. *See Jerauld County v. St. Paul-Mercury Indem. Co.*, 76 S.D. 1, 6, 71 N.W.2d 571, 574 (1955). Hospitals admitting indigents may be reimbursed for expenses by the indigent's county of residence, if the hospital complies with two procedural requirements set out in SDCL ch. 28–13.

First, a hospital must file a Statement of Reimbursement Costs (Statement) at least once a year with the Secretary of Health. This statement must be filed 30 days prior to the admission for which reimbursement is sought. SDCL 28–13–28. The Secretary has the right to approve or modify any items therein for which the hospital intends to seek reimbursement. SDCL 28–13–32.

Any county "*may* at any time file objections ... to any ... items therein, which objections *shall* be passed upon by the secretary of health." SDCL 28–13–32 (emphasis added). Second, a hospital admitting an indigent under emergency circumstances must file notice with the indigent's county of residence within 15 days of the admittance. SDCL 28–13–34.

Here, Hospital made both of the required filings. Hospital claims that SDCL 28–13–32 sets out an administrative procedure that County failed to use. Specifically, Hospital contends that once its Statement was filed and approved by the Secretary of Health, County was bound to pay any reimbursement costs which appeared in the Statement. Hospital points out that County never made objection to any of the Statement's items as they are directed to in SDCL 28–13–32. Hospital also asserts that all administrative remedies must be exhausted before a judicial review may be granted. SDCL 1–26–30. Using these arguments, Hospital concludes that County's method of disputing reimbursement costs is through the statute and that the circuit court was without jurisdiction when it decided the case. We disagree.

A close examination of SDCL 28–13–32 and SDCL 1–26–30 appears to refute Hospital's claim that County must dispute reimbursement charges via objection to the Secretary of Health. SDCL 28–13–32 provides in pertinent part that "[a]ny board of county commissioners *may* at any time file objections in writing to any such statement or any items therein, which objections *shall* be passed upon by the secretary of health." (Emphasis added.) The crucial word is "may" and it does not demand action. It appears the counties have an opportunity to file objections if they choose to make them. They are not required to file objections. If a county does object to the Secretary, then the Secretary "shall" entertain those objections. It is at this juncture when administrative procedure is triggered.

Hospital also notes that all administrative remedies must be exhausted before

judicial review may be granted. SDCL 1-26-30.[1] Yet, Hospital fails to fully apply the language of that statute which states that "[t]his section does not limit utilization of or the scope of judicial review available under other means of review, redress, or relief, when provided by law." SDCL 1-26-30.

—Conclusion—

Based upon the foregoing statutory examination, the County is not mandated to file objection with the Secretary of Health and the circuit court had jurisdiction to decide the case. This appeal is from a suit at law for $914.75 resulting from the trial court's decision which denied a request for reimbursement. The County was not required to proceed administratively as SDCL 28-13-32 is permissive not mandatory. This "at law" action is properly on appeal.

## II.

AIR AMBULANCE SERVICE PROVIDED FOR AN INDIGENT PATIENT BY SIOUX VALLEY HOSPITAL IS WITHIN THE PURVIEW OF SDCL 28-13-27 THROUGH SDCL 28-13-36, INCLUSIVE, AND IS A PROPER CHARGE AGAINST JONES COUNTY.

Ante, we know that the County owes a duty to support and provide relief for its poor and indigent residents. SDCL ch. 28-13. This duty includes reimbursing the Hospital for "hospitalization ... in any emergency case" of an indigent resident. SDCL 28-13-33. We must specifically decide (1) if air ambulance service fits within the statute's meaning of hospitalization and (2) whether it is an obligation which the County owes to the poor. This is a question of first impression in South Dakota.

It is well settled that the County's duty to the poor flows not from the common law but from state statutes. *See generally State of North Dakota ex rel. Strutz v. Perkins County*, 69 S.D. at 273, 9 N.W.2d at 501. "[A]ny liability of County for care provided to these indigents must be found in the applicable statutes or not at all." *Sioux Valley Hosp. Ass'n v. Davison County*, 298 N.W.2d 85, 87 (S.D.1980).

Hospital reimbursement for air ambulance charges was disallowed by the circuit court. The court ruled that air transportation was not a part of "hospitalization" as stated in SDCL 28-13-27. Further, the court observed that "if the Legislature had intended 'hospitalization' to include ambulance services, it would have [done so]."

We reverse the circuit court's decision based upon the following rationale. First, the County does have a duty to relieve the poor. This duty specifically includes "hospitalization, medical care and treatment." *Jerauld County v. St. Paul-Mercury Indem. Co.*, 76 S.D. at 6, 71 N.W.2d at 574. Air ambulance services are part of hospital care and treatment in that the plane is specially equipped with medications, machines, and trained medical personnel; it is, in effect, by its equipment, personnel, and technology, a flying mini-hospital.

Second, the Hospital did mention "transports" in its Statement filed with the Secretary. The County had the opportunity to question this item, but it did not. We recognize that the Secretary of Health did not question or modify this item, even though the Secretary had the power to do so. *See Davison County*, 298 N.W.2d at 87, holding that the county must reimburse the hospital only for "actual costs" which appeared on the Statement filed with the Secretary. Thus, our decision in *Davison County* appears to give the Statement (and costs therein) a role of placing the County on notice and binding the parties as to the cost of a service.

In conclusion, we hold that the circuit court had jurisdiction to decide this case and that the air ambulance service furnished to Baby Bryan constituted hospitalization within the meaning of the statutes.

---

1. There was no appeal taken from any decision of the County's Board of Commissioners. Hospital sued outright via summons and complaint.

This was an emergency case and transport occurred in a specially equipped plane. Without question, the Hospital filed the appropriate Statement (which mentioned "transports") with the Secretary of Health, absent any serious objection [2] from the County.

We reverse.

All the Justices concur.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

**2.** County challenged Hospital's SDCL 28-13-28 filing for the first time on appeal. County admitted in its Answer to Request for Admission that Hospital had filed its Statement with the Secretary of Health. An alleged improper filing was not raised in the trial court and will not be treated here. *Weaver v. Boortz,* 301 N.W.2d 673 (S.D.1981).