402 N.W.2d 340 (1987)
In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, WESTERN DIVISION, Pursuant To the Provisions of SDCL 15-24A-1, and Concerning Federal Action Civ. 85-5091, Titled As Follows:
ST. PAUL RAMSEY MEDICAL CENTER, a Minnesota Hospital, Plaintiff,
v.
PENNINGTON COUNTY, South Dakota, and Moody County, South Dakota, Defendants.
No. 15412.
Supreme Court of South Dakota.
Argued November 19, 1986.
Decided March 11, 1987.
Steven C. Beardsley, Lynn, Jackson, Shultz & Lebrun, Rapid City, for plaintiff.
Mark F. Marshall, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant Moody County.
Greg J. Barnier, Pennington County States Atty., Rapid City, for defendant Pennington County.
SABERS, Justice.

Jurisdictional Statement
This matter is before the South Dakota Supreme Court based on a request for certification *341 filed by the Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, Western Division, pursuant to SDCL 15-24A-1 and this court's acceptance order dated July 28, 1986.

QUESTION OF LAW TO BE ANSWERED
Whether an out-of-state hospital can recover from a county for emergency medical services provided to an indigent person where that hospital does not come within the statutory definition of a hospital as set forth in SDCL 28-13-27(1) and where the out-of-state hospital has not previously filed a statement of costs as required by SDCL 28-13-28?

REASON FOR CERTIFICATION
The Federal District Court advises that the reason for certification is as follows. Although the South Dakota Supreme Court has had the opportunity to construe the county poor relief statutes pertaining to a South Dakota hospital's reimbursement by a county for services provided to an indigent person, the question has not been addressed by the South Dakota Supreme Court in a situation where an out-of-state hospital is involved. The question is one of first impression under South Dakota law and the resolution will have an important impact on counties' obligations to reimburse for medical services. The decision on this issue will be potentially dispositive of the case pending before the Federal District Court.

Statement of Facts
The statement of facts provided is as follows:
The Plaintiff provided emergency medical services to Carolyn Levitt for injuries sustained as a consequence of an explosion in her mother's apartment in Flandreau, South Dakota. Mrs. Levitt was transferred to St. Paul Ramsey County Medical Center because appropriate care could not be afforded locally.
St. Paul Ramsey County Medical Center's bill was in the amount of fifty-two thousand three hundred eighty-four and 35/100 dollars ($52,384.35) for medical services provided to Mrs. Levitt. The bill is unpaid. Plaintiff claims that Mrs. Levitt is indigent and it appears probable that this contention is true.
Plaintiff presented its bill to Pennington County for payment. Plaintiff contends that its submission of the notice required by SDCL 28-13-34 is sufficient to trigger payment by the county. Both Pennington County and Moody County, which was brought into this action due to an issue of Mrs. Levitt's residency which is not relevant to this certification question, contend that St. Paul Ramsey County Medical Center's admitted failure to file a statement of costs in accordance with SDCL 28-13-28 removes any South Dakota county's obligation to pay.
Additionally, this court has raised the issue of the preclusion of payment to Plaintiff due to Plaintiff's failure to come within the statutory definition of "hospital" as set forth in SDCL 28-13-27(1).

SOUTH DAKOTA'S STATUTORY SCHEME FOR REIMBURSEMENT OF INDIGENT'S MEDICAL EXPENSES.
The South Dakota legislature created a comprehensive scheme for reimbursement for indigent's medical expenses. That statutory scheme has been interpreted in decisions of this court and in South Dakota Attorney General opinions. SDCL ch. 28-13 et seq., deals with county poor relief. "Every county shall relieve and support all poor and indigent persons who have established residency therein, ..." SDCL 28-13-1. The provisions of this chapter reflect the legislature's intent to impose a duty upon the county to relieve and support all of its poor and indigent residents by providing them with hospitalization, medical care, and treatment. Jerauld County v. St. Paul-Mercury Indem. Co., 76 S.D. 1, 6, 71 N.W.2d 571, 574 (1955).
*342 It is well settled in South Dakota that, "the obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds." Sioux Valley Hospital Association v. Davison County, 298 N.W.2d 85, 86 (S.D.1980); State of North Dakota v. Perkins County, 69 S.D. 270, 273-274, 9 N.W.2d 500, 501 (1943); Hamlin County v. Clark County, 1 S.D. 131, 45 N.W. 329, 331 (1890). "No liability exists for reimbursement for relief furnished unless there is a statute authorizing the reimbursement or the relief is furnished pursuant to the request of someone having authority to act." Davison County, supra, quoting Perkins County, 69 S.D. at 274, 9 N.W.2d at 501. Accordingly, any decision by this court to impose liability upon Pennington or Moody County (Counties), must be based upon the applicable statutes.

Filing of Statement of Costs
St. Paul Ramsey County Medical Center (Medical Center), bases its claim for reimbursement upon the provisions of SDCL §§ 28-13-33 and -34,[1] the so called "emergency" provisions for poor relief. It is undisputed that Medical Center complied with the fifteen day notice requirement in accordance with the statute. However, a key provision under this comprehensive scheme for poor relief is SDCL 28-13-28 which provides in full:

Statement of costs required of hospital caring for indigent personsFrequency of statements. No hospital may avail itself of the provisions of §§ 28-13-27 to 28-13-36, inclusive, as to hospitalization of any indigent person unless such hospital has, at least thirty days prior to such hospitalization, filed with the secretary of health a detailed statement, in such form as the secretary of health shall prescribe, computing and showing the actual cost to such hospital of quarters, board and hospital services furnished to patients, with each item of such cost shown. The statement shall be filed with the secretary of health at least once in every year, but such hospital may file such detailed statement as often as once in every six months. (emphasis added)
By its own terms this statute encompasses the so called "emergency statutes" upon which the Medical Center relies. Obviously SDCL §§ 28-13-33 and -34 fall within the provisions of SDCL §§ 28-13-27 to -36. Moreover, the language of SDCL 28-13-33 expressly states that it is "subject to the provisions of §§ 28-13-28 to 28-13-32, inclusive." Accordingly, before any hospital is entitled to reimbursement for the provisions of emergency medical services to indigents that hospital must file the statement of actual costs required by SDCL 28-13-28. Inasmuch as Medical Center failed to do so, it is not now entitled to any recovery.
This interpretation is supported by legislative history and a South Dakota Attorney General's opinion. Statutes now codified at SDCL §§ 28-13-27 to -36 were initially enacted in 1953 as part of Senate Bill No. 61. See: 1953 S.D.Sess.Laws 131. That legislation was limited by its title to the hospitalization of indigent persons in emergency situations. This court may refer to that title in an effort to interpret the statute at issue. McDonald v. School Board of Yankton, 90 S.D. 599, 246 N.W.2d 93, 96 (1976); Elfring v. Paterson, *343 66 S.D. 458, 285 N.W. 443, 445 (1939). The title or heading of a statute may not be used to lessen or expand the meaning of the statute. Olson v. City of Sioux Falls, 63 S.D. 563, 262 N.W. 85, 86 (1935). Here, resort to the title merely further supports the Counties' position that the entire statutory scheme must be applied rather than selected statutes alone. Based on a review of the legislative history and the bill's title, any suggestion that the South Dakota Legislature did not intend that a statement of costs be filed thirty days prior to emergency hospitalization is in error.
In 1978 the South Dakota Attorney General issued an opinion dealing with the general issue now before this court. See: 78-8 Op.Att'y Gen. 281 (1978). In that opinion, then Attorney General Janklow specifically noted that the "emergency aid procedures are fairly well described in §§ 28-13-27 to -36, inclusive." Id. at 283. That statement clearly suggests that a statement of actual costs as required by SDCL 28-13-28 must be filed before any hospital claims reimbursement for emergency medical services. Opinions of the Attorney General construing statutes are entitled to weight in arriving at the legislature's intention. Simpson v. Tobin, 367 N.W.2d 757, 763 (S.D.1985); Tulare Independent School District No. 36 v. Crandon School District No. 17, 47 S.D. 391, 199 N.W. 451, 452 (1924).
Medical Center has advanced several equitable arguments why this court should go beyond the terms of the statute and impose liability upon the Counties. Similar arguments were made to this court in Davison County, supra. In that case, Sioux Valley Hospital sought reimbursement for extraordinary services rendered by its infant intensive care unit. Although a statement of actual costs had been filed with regard to other services, no such statement was filed concerning the nursery. 298 N.W.2d at 86. The failure to include a statement covering those services barred recovery. Id. at 87.
Counties argue that implicit in the Davison County decision is the ruling that compliance with SDCL 28-13-28 is a precondition to reimbursement. We held:
The failure to do so [request a form or file an amendment to the statement of costs] forecloses any attempt by Hospital to collect for such extraordinary services from County under the controlling statutes of SDCL 28-13-27 to 28-13-36. The remedy is entirely statutory. If the statutes are found to be wanting, the remedy should be addressed to the legislature.
Id.
Under the Davison County rationale, Counties contend that Medical Center, with one of the only sophisticated burn treatment facilities readily accessible to South Dakotans, had to file a statement of costs in compliance with SDCL 28-13-28 in anticipation of receiving indigent patients such as Levitt. Counties further contend that Medical Center's equitable arguments are best reserved for the legislature, since Medical Center's ability to recover the costs is entirely governed by statute. We agree.
Therefore, inasmuch as Medical Center's remedy for repayment of costs was entirely statutory, Medical Center's failure to file a statement of costs prior to treating Levitt operated to foreclose it from any attempt to collect for such services from the Counties beyond what was provided by SDCL §§ 28-13-27 to -36, inclusive. Davison County, 298 N.W.2d at 87. This court has often held that it will not liberally construe a statute to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under consideration. Cheney v. Metropolitan Life Insurance Co., 370 N.W.2d 569, 574 (S.D.1985) citing Burns v. Kurtenbach, 327 N.W.2d 636 (S.D.1982); Johnson v. Herseth, 246 N.W.2d 102 (S.D. 1976).

Out-of-State Hospital
The Counties further contend that Medical Center, a Minnesota hospital, does not fall within the definition of "hospital" as that term is defined in SDCL 28-13-27(1), *344 and is precluded from obtaining reimbursement. Counties further argue that expanding the definition of "hospital" would ignore the plain meaning of the statute without legislative approval.
SDCL 28-13-27 provides in part:
Unless the context otherwise plainly requires, terms used in §§ 28-13-27 to 28-13-36, inclusive, shall mean:
(1) `Hospital,' any hospital in the state of South Dakota, duly licensed by the state department of health, serving the public as such, and providing hospitalization for the sick and injured;
(2) `Emergency case,' hospitalization provided under circumstances certified by a duly licensed physician as necessitating immediate hospital care and attention; ...
Medical Center admits that it does not fit the statutory definition of "hospital" because it is not located within the state of South Dakota. However, Medical Center asserts that Counties interpretation of subsection (1) fails to recognize its preface which provides, "[u]nless the context otherwise plainly requires[.]" Here, the Flandreau Hospital decided that it was unable to provide Levitt with adequate care due to the nature of her injuries. In fact, no hospital in South Dakota possessed the expertise to treat her severe and extensive burns. The facts show that this was an emergency case "necessitating immediate hospital care and attention" under SDCL 28-13-27(2). In this context, Medical Center argues that the "factual circumstances" plainly required that the term "hospital" include an out-of-state hospital such as Medical Center, utilized in an emergency capacity when there was no in-state hospital able to provide the necessary care to the injured party.
The trouble with Medical Center's argument is that the language says "unless the context otherwise plainly requires" and not "unless the factual situation otherwise plainly requires." One of the primary rules of statutory construction is to give words and phrases their plain meaning and effect. Board of Regents v. Carter, 89 S.D. 40, 46, 228 N.W.2d 621, 624-625 (1975). This court has ruled that we assume statutes "mean what they say and that the legislators have said what they meant." American Rim and Brake, Inc. v. Zoellner, 382 N.W.2d 421, 424 (S.D. 1986); Crescent Electric Supply Co., v. Nerison, 89 S.D. 203, 210, 232 N.W.2d 76, 80 (1975). When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and this court's only function is to declare the meaning as clearly expressed in the statute. Matter of Aiken, 296 N.W.2d 538, 540 (S.D.1980); State Highway Commission v. Wieczorek, 248 N.W.2d 369, 372 (S.D.1976).
Whether or not an out-of-state hospital should recover as against a county[2] involves many matters, including taxation, indigency, poor relief, licensing of health care facilities, reciprocity between states, and public policy. Obviously, these are matters for the legislature.
Accordingly, we answer the certified question in the negative.
CERTIFICATION QUESTION ANSWERED.
WUEST, C.J., HENDERSON, J., and FOSHEIM, Retired Justice, concur.
MORGAN, J., concurs specially.
MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.
MORGAN, Justice (concurring specially).
I agree with the strict interpretation of the statutory scheme for reimbursement of expenses for emergency care of the indigents as evidenced by the earlier cases cited in the majority opinion. If there is going to be any change, the legislature should be the vehicle to accomplish it.
The second question posed by the district court, the qualification of St. Paul Ramsey under the statutory definition of "hospital" *345 as found in SDCL 28-13-27(1): "any hospital in the state of South Dakota, duly licensed by the state department of health, serving the public as such, and providing hospitalization for the sick and injured," raises a serious constitutional question in the context of this case. That definition applies to the statutory provisions for non-emergency as well as emergency treatment. In the case before us, the facilities of the St. Paul Ramsey Burn Unit were used because there are no similar facilities available in the state of South Dakota. Medicine has made considerable advances since 1953 when that definition was first adopted. We can take judicial notice that there are types of medical treatment, particularly in the area of organ transplant, that simply are not available in this state. I do not believe that it was the intention of the legislature to deprive anyone of needed specialized treatment or of accepted surgical procedures because they are indigent. I have in mind recent newspaper accounts in the Sioux Falls Argus Leader regarding payment by Minnehaha County of a portion of an indigent's proposed heart-lung transplant operation in a Minneapolis hospital. In my view, the legislation could be held unconstitutional under the equal protection provisions of the Fourteenth Amendment of the United States Constitution and the equal privileges and immunities clause, article VI, § 18 of the South Dakota Constitution. The requirement that indigent patients be treated only in South Dakota hospitals in order for the hospital to be reimbursed deprives indigents of necessary hospital care which is otherwise available to the wealthy or the insured when such care is available only in out-of-state hospitals. There may be a question of standing for St. Paul Ramsey to raise this issue and the indigents themselves are apparently not parties to the lawsuit. Perhaps the hospital could ask for leave to join the indigents and the district court would then be in a position to rule on the issue.
NOTES
[1] SDCL 28-13-33 provides in part:

County liability for emergency hospitalization of indigent persons at approved ratesRemedies for recovery of expense by county. Subject to the provisions of §§ 28-13-28 to 28-13-32, inclusive, and except as hereinafter expressly provided, whenever hospitalization for an indigent person has been furnished by a hospital in any emergency case, the county where the indigent person has established residency shall be liable to the hospital as herein provided, ...
SDCL 28-13-34 provides in full:
Notice to county after emergency hospitalization of indigent person. In any case where emergency hospitalization to an indigent person is furnished, there shall be no liability on any county for the hospitalization unless within fifteen days from admittance of the indigent person, notice of hospitalization bearing the name of the attending physician and the information required to be contained in the application referred to in § 28-13-32.1 is filed with the auditor of the county.
[2] Under existing South Dakota law, an indigent (or someone on her behalf) could apply to the board of county commissioners for relief assistance for herself, (as opposed to the hospital seeking reimbursement), under SDCL 28-13-32.1. C.f. 84-10 Op.Att'y Gen. 130 (1984).