857 F.2d 1185
 ST. PAUL RAMSEY COUNTY MEDICAL CENTER, a Minnesota Hospital, Appellant,
v.
PENNINGTON COUNTY, SOUTH DAKOTA, and Moody County, South
Dakota, Appellees.
ST. PAUL RAMSEY COUNTY MEDICAL CENTER, a Minnesota Hospital, Appellee,
v.
PENNINGTON COUNTY, SOUTH DAKOTA, and Moody County, South
Dakota, Appellant.
ST. PAUL RAMSEY COUNTY MEDICAL CENTER, a Minnesota Hospital, Appellee,
v.
PENNINGTON COUNTY, SOUTH DAKOTA, Appellant, and Moody
County, South Dakota.
 Nos. 87-5421, 87-5444 and 87-5445.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1988.
Decided Sept. 22, 1988.
 
 Craig Pfeifle, Rapid City, S.D., for appellant.
 Mark F. Marshall & Gustav K. Johnson, Rapid City, S.D., for appellees.
 Before LAY, Chief Judge, BROWN*, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 St. Paul Ramsey Medical Center (St. Paul Ramsey) appeals the district court's[1] dismissal of its suit against Pennington County, South Dakota, and Moody County, South Dakota (the Counties), to recover the cost of medical services provided to a South Dakota resident. The Counties appeal the district court's ruling that South Dakota has waived any eleventh amendment immunity possessed by the Counties. We affirm the dismissal.
 
 I.
 
 2
 On March 5, 1983, Carolyn Levitt, a South Dakota resident, was severely burned in an explosion and was taken to a hospital in Flandreau, South Dakota. Because that hospital could not adequately care for her burns, she was transferred to St. Paul Ramsey in St. Paul, Minnesota. On March 10, 1983, St. Paul Ramsey apparently sent each of the Counties notice of Ms. Levitt's admittance. St. Paul Ramsey treated Ms. Levitt for approximately two months and alleges that she incurred medical expenses of $52,384.35. St. Paul Ramsey demanded payment from the Counties for these expenses under South Dakota's County Poor Relief Statute, S.D. Codified Laws Ann. ch. 28-13 (1984).[2] When the Counties refused to pay, St. Paul Ramsey filed this diversity action in federal court.
 
 
 3
 Before the district court, St. Paul Ramsey claimed that chapter 28-13 obligated one of the Counties to pay Ms. Levitt's medical expenses. That chapter establishes a general obligation of each South Dakota county to support its indigent residents. See Sec. 28-13-1. In particular, it provides that "[s]ubject to the provisions of Secs. 28-13-28 to 28-13-32, inclusive, and except as hereinafter expressly provided, whenever hospitalization for an indigent person has been furnished by a hospital in any emergency case, the county where the indigent person has established residency shall be liable to the hospital * * * ." Sec. 28-13-33 (1984) amended by Sec. 28-13-33 (Supp.1988). The chapter, however, defines "hospital" to mean "any hospital in the state of South Dakota * * *," Sec. 28-13-27(1) (1984) amended by Sec. 28-13-27(1) (Supp.1988),[3] and requires that any hospital seeking to recover for the treatment of an indigent have filed with the state secretary of health, at least thirty days prior to the hospitalization, "a detailed statement * * * computing and showing the actual cost to such hospital of quarters, board and hospital services furnished to patients, with each item of such cost shown."[4] Sec. 28-13-28.
 
 
 4
 The Counties moved for dismissal on the grounds that the eleventh amendment protected them from damage claims in federal court, that St. Paul Ramsey had failed to state a claim upon which relief could be granted because it had not alleged compliance with the filing requirement of section 28-13-28, and that St. Paul Ramsey failed to join persons under Fed.R.Civ.P. 19. The district court chose to resolve the issue involving St. Paul Ramsey's failure to file a statement of costs by certifying the question to the South Dakota Supreme Court. The district court also raised, sua sponte, the issue of St. Paul Ramsey's failure to come within section 28-13-27(1)'s definition of "hospital," in that it is not a South Dakota hospital. Thus, the court certified the following question of law:
 
 
 5
 Whether an out-of-state hospital can recover from a county for emergency medical services provided to an indigent person where that hospital does not come within the statutory definition of a hospital as set forth in SDCL 28-13-27(1) and where the out-of-state hospital has not previously filed a statement of costs as required by SDCL 28-13-28?
 
 
 6
 The court then ordered all proceedings stayed pending the resolution of the issues certified to the South Dakota Supreme Court.
 
 
 7
 The South Dakota Supreme Court held that St. Paul Ramsey's failure to file the statement of actual costs precluded it from recovering, see St. Paul Ramsey Medical Center v. Pennington County, 402 N.W.2d 340, 342 (S.D.1987), as did its status as an out-of-state hospital, see id. at 344. St. Paul Ramsey then filed a motion for partial summary judgment. In its brief in support of that motion, St. Paul Ramsey alleged that the statute's definition of "hospital" to include only South Dakota hospitals violated the equal protection and commerce clauses of the United States Constitution and the equal protection clause and equal privileges and immunities provision of the South Dakota Constitution. St. Paul Ramsey also alleged that the Counties' failure to respond to the notices estopped them from denying liability.
 
 
 8
 In resolving the Counties' motion to dismiss, the district court first assumed, without deciding, that a county is protected from suit by the eleventh amendment. The court held, however, that the state had waived this immunity, thereby giving the court jurisdiction. The court then relied on the South Dakota Supreme Court's answer to the certified question to conclude that St. Paul Ramsey had failed to state a claim upon which relief could be granted by not alleging that it had complied with the filing requirement of section 28-13-28. The court accordingly granted the Counties' motion to dismiss. The district court found resolution of St. Paul Ramsey's motion for partial summary judgment unnecessary in light of its ruling.
 
 
 9
 On appeal, St. Paul Ramsey raises the same constitutional challenges to section 28-13-27(1), and the same estoppel argument, that it asserted in its brief in support of motion for partial summary judgment. St. Paul Ramsey also argues, for the first time on appeal, that the filing-of-costs requirement of section 28-13-28 violates the due process clauses of the United States and South Dakota constitutions. The Counties argue on appeal that the district court erred in finding a waiver of eleventh amendment immunity.
 
 II.
 
 10
 We first address the district court's ruling that by failing to "allege or infer [sic] that it complied with SDCL 28-13-28," St. Paul Ramsey failed to state a claim upon which relief could be granted. Because the Counties' motion to dismiss was filed after the pleadings had closed, we view it as a motion for judgment on the pleadings. See Fed.R.Civ.P. 12(c); Falls Riverway Realty v. Niagara Falls, 754 F.2d 49, 53 (2d Cir.1985). A defense of failure to state a claim may be raised in such a motion, see Fed.R.Civ.P. 12(h), and we employ the same standard that we would have employed had the motion been brought under Rule 12(b)(6). See Ad-Hoc Committee v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir.1987); 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1368, at 688-89 (1969).
 
 
 11
 Whether a complaint states a cause of action is a question of law which we review on appeal de novo. * * * [A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.
 
 
 12
 Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986) (citations omitted). St. Paul Ramsey correctly concedes that the South Dakota Supreme Court's answer to the certified question made its complaint inadequate. It argues instead that additional allegations made in its brief in support of motion for partial summary judgment, consideration of which the district court found unnecessary, state a claim upon which relief can be granted.[5] We disagree.
 
 A.
 
 13
 We first address St. Paul Ramsey's contention that section 28-13-28's filing requirement is unconstitutional. St. Paul Ramsey first challenged section 28-13-28 in its "Response to Defendant Moody County's Brief in Opposition to St. Paul Ramsey's Motion for Partial Summary Judgment," wherein it argued that its constitutional challenges to section 28-13-27(1) applied as well to section 28-13-28 because "[t]he statutes limiting payment to in-state hospitals go hand in hand with the statute requiring a statement of costs be [sic] submitted 30 days prior to admittance." On appeal, however, St. Paul Ramsey shifts theories and argues that section 28-13-28 independently violates due process under the United States and South Dakota constitutions. "As a general rule, we do not consider arguments or theories on appeal that were not advanced in the proceedings below." Wright v. Newman, 735 F.2d 1073, 1076 (8th Cir.1984) (citations omitted). Because we can resolve the issue as a matter of law, however, we have reviewed St. Paul Ramsey's due process argument on appeal and find it unpersuasive.
 
 
 14
 The filing-of-actual-costs requirement is a mandatory statutory requirement that any hospital seeking to be eligible for reimbursement must satisfy. See Sec. 28-13-28. In reviewing such eligibility requirements under a due process challenge, we must accord the legislature's determination considerable deference and discern only whether the challenged requirement has any rational justification. See Boyd v. Bowen, 797 F.2d 624, 626-27 (8th Cir.1986) (citing Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960)). St. Paul Ramsey correctly concedes that a legitimate purpose of the requirement is to ensure that counties are not overcharged for services rendered to indigents. Other provisions of chapter 28-13 bind the hospitals to the costs listed in their statement, see Sec. 28-13-29, authorize the secretary to investigate to ensure that the statements are accurate and complete before approving them, see Sec. 28-13-30, and dictate that such statements become part of the public record, see Sec. 28-13-31. Thus, the filing requirement is part of a broader scheme to ensure that each treating hospital's costs are ascertained, investigated, approved, and open to inspection prior to any hospitalization or billing. We cannot conclude that section 28-13-28's requirement that a statement of actual costs be filed thirty days prior to a hospitalization is irrational.
 
 
 15
 St. Paul Ramsey suggests alternative measures to accomplish the legislature's purpose. "While we might imagine rules that are, in our view, wiser and more equitable, the 'wisdom or unwisdom' of an eligibility requirement is a matter for [the legislature], not the courts, so long as there is, as here, a rational justification for the requirement." Boyd, 797 F.2d at 627 (citing Flemming, 363 U.S. at 611, 80 S.Ct. at 1373). We therefore reject St. Paul Ramsey's argument that section 28-13-28 violates due process.[6]
 
 B.
 
 16
 By not timely filing the statement of costs, nor successfully establishing that the requirement is unconstitutional, St. Paul Ramsey is precluded from recovery under the statute. We therefore need not address St. Paul Ramsey's various constitutional challenges to section 28-13-27(1)'s definition of "hospital," for even were we to find that definition unconstitutional, St. Paul Ramsey would remain ineligible for reimbursement.
 
 C.
 
 17
 St. Paul Ramsey's final argument is that the Counties should be estopped from denying liability for the hospitalization of Ms. Levitt. St. Paul Ramsey argued before the trial court that the Counties' silence in response to St. Paul Ramsey's notices led St. Paul Ramsey to believe that the Counties were accepting responsibility for Ms. Levitt's expenses. St. Paul Ramsey alleges that in reliance upon this belief it treated Ms. Levitt longer than it otherwise would have, thereby incurring additional expenses.
 
 
 18
 In evaluating the merit of this argument, we must look to the substantive law of South Dakota. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The Supreme Court of South Dakota consistently has held that the "remedy for repayment of costs [is] entirely statutory." St. Paul Ramsey Medical Center v. Pennington County, 402 N.W.2d at 343; see Sioux Valley Hosp. Ass'n v. Tripp County, 404 N.W.2d 519, 522 (S.D.1987) ("[hospital's] ability to recover the costs is entirely governed by statute"); Sioux Valley Hosp. Ass'n v. Bryan, 399 N.W.2d 352, 355 (S.D.1987) ("liability * * * must be found in the applicable statutes or not at all"); Sioux Valley Hosp. Ass'n v. Davison County, 298 N.W.2d 85, 87 (S.D.1980) ("The remedy is entirely statutory."); North Dakota ex rel. Strutz v. Perkins County, 69 S.D. 270, 9 N.W.2d 500, 501 (1943) (no liability absent a statute authorizing the reimbursement); Roane v. Hutchinson County, 40 S.D. 297, 167 N.W. 168, 168 (1918) (obligation of county to furnish relief "is purely statutory"). We find Sioux Valley Hosp. Ass'n v. Tripp County especially instructive on this point. That case involved section 28-13-34's requirement that a hospital notify the indigent patient's county of residence within fifteen days of emergency admittance. See id. at 520. The hospital initially notified the wrong county, and by the time the hospital notified the proper county the statutory time period had expired. See id. When the county denied liability, the hospital argued that the county should have informed the hospital that the notice was untimely and that the county was refusing to pay the bill so the hospital could have taken measures to limit its expenditures on that patient. See id. at 523 (Sabers, J., dissenting). St. Paul Ramsey makes the same argument in this case. In resolving the issue, the South Dakota Supreme Court first noted that " 'estoppels against the public are little favored and should be used sparingly.' " Id. at 522 (quoting City of Rapid City v. Hoogterp, 85 S.D. 176, 179 N.W.2d 15, 17 (1970)). Then, after finding counties and municipalities indistinguishable for purposes of estoppel, the court ruled that " 'mere municipal acquiescence is not sufficient to permit an estoppel. Some affirmative action must have been taken upon which the other party acted in reliance and substantially changed his position.' " Id. (quoting Northwestern Public Serv. v. City of Aberdeen, 90 S.D. 627, 244 N.W.2d 544, 549 (S.D.1976)). We find that the South Dakota Supreme Court's ruling in Sioux Valley Hosp. Ass'n v. Tripp County controls this case, and we therefore conclude that St. Paul Ramsey's estoppel allegations failed to state a claim upon which relief can be granted.
 
 
 19
 On appeal, St. Paul Ramsey alleges that Pennington County took affirmative action by paying a claim by St. Paul Ramsey in the past. The only payment St. Paul Ramsey alleges, however, was made in January of 1985. Because Ms. Levitt was hospitalized in March of 1983, this payment clearly cannot form the basis of an estoppel claim. Nor are we persuaded by St. Paul Ramsey's argument that additional discovery and a trial would allow it to properly assert its estoppel claim. "The very nature of [this] principle[ ] requires that the evidence supporting such claim[ ] be within the plaintiff's possession. One cannot rely upon that of which he has no knowledge. Therefore, discovery could adduce nothing more to support [St. Paul Ramsey's] argument than it already has or could have presented." Hamilton Bank v. Export-Import Bank of United States, 634 F.Supp. 195, 202 n. 5 (E.D.Pa.1986). St. Paul Ramsey thus has failed to state an estoppel claim under South Dakota law.
 
 III.
 
 20
 The Counties argue that the district court erroneously concluded that any immunity possessed by the Counties under the eleventh amendment had been waived by the state. Because we affirm the district court's dismissal for failure to state a claim, we need not reach this issue. See Smith v. Sorensen, 748 F.2d 427, 438 (8th Cir.1984), cert. denied, 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985).
 
 CONCLUSION
 
 21
 We are aware of the apparent inequity of denying recovery to a hospital that has provided highly specialized medical care to an indigent resident of South Dakota. The South Dakota Supreme Court, however, has repeatedly ruled that a county's obligation to pay such expenses is purely statutory. We have reviewed St. Paul Ramsey's attempts to state a claim despite noncompliance with the statute and, for the reasons discussed above, conclude that St. Paul Ramsey failed to state a claim.
 
 
 22
 The district court's judgment is affirmed.
 
 
 
 *
 The HONORABLE JOHN R. BROWN, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota
 
 
 [2]
 All subsequent chapter and section references are to South Dakota Codified Laws Annotated
 
 
 [3]
 The 1988 amendment changed the definition of "hospital" to "any hospital licensed as such by the state in which it is located." Sec. 28-13-27(1) (Supp.1988); see also Sec. 28-13-38.1 (Supp.1988) (specifying when hospitals outside state are eligible for reimbursement by county). That amendment was signed into law on March 1, 1988, and does not affect the disposition of this case
 
 
 [4]
 The entire section provides:
 No hospital may avail itself of the provisions of Secs. 28-13-27 to 28-13-36, inclusive, as to hospitalization of any indigent person unless such hospital has, at least thirty days prior to such hospitalization, filed with the secretary of health a detailed statement, in such form as the secretary of health shall prescribe, computing and showing the actual cost to such hospital of quarters, board and hospital services furnished to patients, with each item of such cost shown. The statement shall be filed with the secretary of health at least once in every year, but such hospital may file such detailed statement as often as once in every six months.
 Sec. 28-13-28.
 
 
 [5]
 Moody County contends that the motion for partial summary judgment was filed in violation of the stay order, which, according to Moody County, did not expire until the district court's order of dismissal. Moody County also argues that St. Paul Ramsey's motion was deficient in that it fails to state with particularity the grounds for the relief sought. See Fed.R.Civ.P. 7(b). Finally, Moody County argues that St. Paul Ramsey's estoppel claim was raised too late in the proceedings and therefore was waived. See Fed.R.Civ.P. 8(c). We need not resolve these matters, for we find that even if the brief in support of motion for partial summary judgment properly presented the arguments to the trial court, St. Paul Ramsey still failed to state a claim
 
 
 [6]
 St. Paul Ramsey makes no argument, nor cites any case, that suggests a different result would be reached under the South Dakota Constitution