**In the Matter of the Revocation of the Driver License of James L. PETREE.**

**No. 18498.**

Supreme Court of South Dakota.

Considered on Briefs on April 28, 1994.

Decided Aug. 17, 1994.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for appellant State of S.D.

Greg Peterman of Dakota Plains Legal Services, Fort Yates, N.D., for appellee James L. Petree.

PER CURIAM.

South Dakota law provides that all drivers are deemed to consent to a blood/alcohol test requested by a law enforcement officer (SDCL 32–23–10) and penalizes those who refuse the test with the revocation of their driver's license (SDCL 32–23–11). A driver refusing the blood test can avoid revocation by pleading guilty to driving under the influence of alcohol (DUI) before a revocation order is issued (SDCL 32–23–11.1). A driver whose license is revoked for refusing the blood test may also petition for an administrative hearing on the revocation (SDCL 32–23–11) or may appeal the revocation directly to circuit court (32–23–12). In this decision, we hold that the failure to petition for an administrative hearing does not constitute a failure to exhaust administrative remedies depriving the circuit court of jurisdiction to hear an appeal of the revocation. We also hold that to avoid revocation of a driver's

license by pleading guilty to DUI, the driver must enter his plea prior to issuance of the revocation order rather than prior to the effective date of the revocation order. Accordingly, we affirm in part and reverse in part.

## FACTS

James L. Petree (Petree) was arrested for DUI (SDCL 32–23–1). At that time, the arresting officer asked Petree to submit to a blood test to determine his blood/alcohol content. After being advised of his right to refuse the blood test and the consequences of a refusal (SDCL 32–23–10), Petree declined to take the blood test. The arresting officer confiscated Petree's driver's license and issued Petree a temporary driving permit.

The temporary driving permit contained substantial information on the revocation of driver's licenses for refusal of a blood test. The form advised Petree of his right to petition the department of commerce and regulation for an administrative hearing on the revocation and the petition had to be filed within thirty days of his arrest. The form also advised Petree that his failure to petition for a hearing would result in the revocation of his driver's license, but, that revocation could be avoided by his pleading guilty to DUI, "prior to the issuance of a revocation order."

Petree did not file a petition for a hearing on the revocation with the department of commerce and regulation. As a result, on August 16, 1993, the department issued its order revoking Petree's driver's license effective August 28, 1993. However, on August 24, 1993, Petree pled guilty to DUI in circuit court.

After the revocation of his driver's license, Petree filed a petition in circuit court requesting review of the revocation order. The department moved to dismiss Petree's petition for failure to exhaust administrative remedies and a resultant lack of subject matter jurisdiction in the circuit court. The circuit court determined it had jurisdiction to act in the matter and entered an order reinstating Petree's driver's license because he pled guilty to DUI prior to the effective date of the revocation order. The department

appeals. We affirm in part and reverse in part.

## ISSUE 1

DID PETREE'S FAILURE TO PETITION FOR AN ADMINISTRATIVE HEARING CONSTITUTE A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES THAT DEPRIVED THE CIRCUIT COURT OF JURISDICTION TO CONSIDER HIS APPEAL OF THE REVOCATION OF HIS DRIVER'S LICENSE?

■ There is no failure to exhaust administrative remedies and a circuit court has jurisdiction to decide a case where a party is not mandated or required to proceed administratively and a separate avenue of judicial review is available. *Sioux Valley Hosp. Ass'n v. Bryan,* 399 N.W.2d 352 (S.D.1987). *See also,* SDCL 1–26–30 (provision allowing judicial review after administrative hearing does not limit judicial review available under other means of relief provided by law). Here, Petree was not required to proceed administratively. SDCL 32–23–11 provides in pertinent part:

> Any person who does not submit to the withdrawal or chemical analysis [of his blood] *may* demand a hearing pursuant to chapter 1–26 before further action is taken under this section. If the director of the division of commercial inspection and regulation finds that the law enforcement officer complied with the law and the refusal was made by the person, the director shall revoke that person's license to drive and any nonresident operating privileges for one year. The director shall determine if the person is eligible to drive for the purpose of employment and may promulgate rules pursuant to chapter 1–26 for determining that eligibility. (emphasis added).

"The crucial word [in this provision] is 'may' and it does not demand action." *See, Sioux Valley Hosp. Ass'n,* 399 N.W.2d at 354. Because of the use of the word "may," those who have refused to submit to the withdrawal of blood or chemical analysis have an opportunity to demand a hearing before the department *if they choose to go through one. See, Sioux Valley Hosp. Ass'n,* 399 N.W.2d

at 354–55. They are not required to go through a departmental hearing. *Id.* By the explicit language of SDCL 32–23–11, if a party who has refused a blood test does demand a departmental hearing, then one will be conducted pursuant to chapter 1–26. It is at this juncture that administrative procedure is triggered. *Id.*

 ▮ Moreover, another avenue of judicial review was available to Petree. SDCL 32–23–12 provides:

> Any person whose license has been canceled, suspended, or revoked by the department of commerce and regulation under the provisions of § 32–23–11 or 32–23–18, shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the circuit court for the county where the person was charged with the violation, and that court is vested with jurisdiction. *The court shall set the matter for trial de novo upon ten days' written notice to the department, and thereupon take testimony and examine the facts of the case and determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of §§ 32–23–11 and 32–23–18.* (emphasis added).

The terms of this provision granting the circuit courts jurisdiction to conduct a de novo review of a driver's license revocation and to base that review on testimony and evidence presented to the court clearly contemplate a separate and distinct avenue of judicial relief from administrative driver's license revocations. *See, Dept. of Public Safety v. Weinrich,* 263 N.W.2d 690 (S.D.1978). Although SDCL 1–26–30 and 1–26–35 restrict de novo review of administrative decisions, both provisions leave open other methods of appeal. *Appeal of AT & T Information Systems,* 405 N.W.2d 24 (S.D.1987). Here, SDCL 32–23–12 simply provides for one of these other methods. *See, Weinrich, supra.*

 ▮ The above analysis leads to the conclusion advanced by Petree, i.e., "[t]he existence ... of SDCL 32–23–12, makes it apparent that the Legislature has granted to the circuit court jurisdictional power over post-revocation petitions, without requiring initial recourse to an administrative hearing. Nowhere in the SDCL is it mandated that post-revocation review must follow action in the administrative context." We agree. Based upon the foregoing authorities, we conclude that the circuit court had jurisdiction to consider Petree's appeal of the revocation of his driver's license. Therefore, the circuit court's assumption of jurisdiction in this case is affirmed.

### ISSUE 2

DID PETREE'S GUILTY PLEA TO THE DUI CHARGE PROHIBIT THE DEPARTMENT FROM REVOKING HIS DRIVER'S LICENSE?

SDCL 32–23–11.1 provides in pertinent part that, "[a] person's license to drive is not subject to revocation as provided in § 32–23–11 or 32–23–18 if that person pleads guilty to violating § 32–23–1 [DUI] ... prior to a revocation order being issued[.]"

 ▮ Statutes are to be accorded their plain meaning and effect. *State v. Ohlmann,* 444 N.W.2d 377 (S.D.1989). "When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and this court's only function is to declare the meaning as clearly expressed in the statute." *In re Certification of Question of Law,* 402 N.W.2d 340, 344 (S.D.1987).

 ▮ SDCL 32–23–11.1 unambiguously provides that for a driver to avoid the revocation of his license for failure to submit to a blood test by pleading guilty to DUI, the driver must plead guilty, "prior to a revocation order being *issued* [.]" (emphasis added). The statute says nothing about the effective date of the revocation order. Here, the revocation order was issued on August 16, 1993. Petree entered his guilty plea on August 24, 1993. Thus, Petree's plea was not in time to save his driver's license. The circuit court erred in holding otherwise and its order reinstating Petree's driver's license is reversed.

Affirmed in part and reversed in part.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.