JORDAN, Appellant, v. Mellette County, Respondent.

(160 N. W. 815.)

(File No. 3963.    Opinion filed December 30, 1916.    Rehearing denied February 10, 1917.)

**Salaries—Claim Against County—County Treasurer—Salary, as Affected by Fees Collected—Statutes Construed.**

> Pol. Code, Secs. 879-881, fixing county treasurer's salary in counties of 15,000 or less population, according to the amount of fees paid into the treasury for services rendered, at not exceeding $1500 per annum, or the amount of the fees so paid into the treasury, is not modified by Laws 1909, Chap. 171, Sec. 1, providing that county treasurer shall not deduct from any tax collected by him any fees for collection thereof, and that full amount of tax collected shall be credited to taxing district, etc., **providing**, that such treasurer shall deduct 4% from state taxes collected, which shall be credited to special salary fund, and Sec. 2, providing that county commissioners shall, when making annual levy for county purposes, include therein a sum sufficient to pay salaries of all county officers, which, when collected, shall be credited to the special salary fund; and treasurer's salary depends in all cases, upon population of the respective counties, or upon amount of fees for services rendered by county treasurer, as fixed by Pol. Code, Sec. 1836, providing that such treasurer shall receive, on all moneys collected by him each fiscal year, 4%, except as otherwise provided by law; etc.

Appeal from Circuit Court, Mellette County.    Hon. WILLIAM WILLIAMSON, Judge.

Action by C. P. Jordan, against Mellette County, South Dakota, to recover moneys claimed to be due plaintiff from defendant, as a balance on his salary for acting as County Treasurer. From an order of the Circuit Court sustaining the

County Commissioners' rejection of plaintiff's bill, for such balance, he appeals. . Order affirmed.

*T. S. Tripp,* and *W. J. Hooper,* for Appellant.

*R. V. Fletcher,* and *Brown & Brown,* for Respondent.

Appellant submitted that: Under Chap. 171, Laws 1909, the salary of the county treasurer is not based upon fees collected by him, but upon the provision of Sec. 879, which fixes the maximum fee at $1,500.00. The minimum fee is not fixed; and cited: Brookings County v. Murphy, County Auditor, 23 S. D. 311. That this chapter repeals Sec. 1836, Pol. Code.

Respondent submitted that: the manner of computing the amount of the salary of county treasurers in counties having 15,000 inhabitants or less, is in no way changed by chapter 171, Laws 1909.

POLLEY, P. J. In this action plaintiff seeks to recover a certain sum of money which he claims to be due him from the defendant, Mellette county, as a balance on his salary for acting as county treasurer of that county. While acting as such treasurer, the county commissioners allowed and paid plaintiff at the rate of $100 per month. After his term of office had expired he claimed that, under the existing law, he was entitled to $125 per month, and presented a bill to the county commissioners for an amount equal to $25 per month all the time he was such county treasurer. The commissioners rejected his bill, and he took an appeal to the circuit court. The circuit court sustained the commissioners, and plaintiff appeals to this court.

[1] The salary of county treasurers and the source from which it is to be derived is provided for by sections 879, 880 ,and 881 of the Political Code. Said sections read as follows:

"Sec. 879. The county treasurer of each county shall receive a salary not exceeding one thousand five hundred dollars per annum, as hereinafter provided, to be paid monthly from the special salary fund by warrant, which fund shall be liable during the year only to salary warrants, and at the end of the year any surplus shall be covered into the treasury 'and placed to the credit of the general fund: Provided, that in counties having a population of more than fifteen thousand inhabitants the salary of said office shall be two thousand dollars per annum, and no more.

"Sec. 880. The county treasurer of each county shall keep a book to be provided by the county, and which shall be a part of the public records of his office in which shall be entered each item of fees for service rendered, and shall, within three days after the close of each calendar month, and also at the end of his term of office, file with the county auditor a statement, under oath, showing the fees which he has received as such officer since the date of his last report, or the beginning of his term of office, and also within * * * three days deposit with the county treasurer the total sum of such fees, which sum so deposited shall be placed to the credit of the special salary fund.

"Sec. 881. In case the fees so paid into the county treasury shall not equal his salary of one thousand five hundred dollars, then and in that case such officer shall only be entitled to receive a sum equal to the fees paid into the treasury, and, provided, further, that in case there may be a deficiency in the salary of such officer for any quarter year or fractional quarter year, the deficiency shall be made up from any excess of fees that may be paid into the county treasury by any such officer for services rendered during the calendar year in which said deficiency occurred."

[2] The effect of section 879 is to fix the salary of the county treasurer in counties having a population of more than 15,000 inhabitants at $2,000 per annum, and this irrespective of the amount of fees collected by him. In counties having a population of 15,000 or less, the treasurer's salary shall be regulated by the amount of fees paid into the treasury for services rendered by the treasurer. In counties of this class, the salary shall not exceed $1,500 per annum in any case, nor shall it in any case exceed the amount of the fees so paid into the treasury. So that, while the population of a county may equal 15,000, if the amount of fees paid into the treasury should not exceed $1,200 during any one year, the treasurer's salary could not exceed that amount. It is conceded that the population of Mettlette county did not equal 15,000 at any time during plaintiff's term of office, and it is not contended that the fees paid into the treasury exceeded $1,200 during any one year while he held the office. Therefore, unless the above-quoted sections of the Code have been modified or amended by some other statute,

plaintiff was not entitled to more than $1,200 per annum. But it is contended by appellant that the above provisions of the Code were modified by chapter 171, Laws of 1909, and that, as so modified, county treasurers in all counties having a population of 15,000 or less are entitled to a salary of $1,500 per annum. With this contention we cannot agree. Sections 1 and 2, c. 171, Laws of 1909, read as follows:

"Section 1. The county treasurer shall not deduct from any tax collected by him any fee for the collection thereof, and the full amount of tax collected shall be credited to the taxing district from which such tax is collected. Provided, that the county treasurer shall deduct four per cent from all state tax collected, which shall be credited to the special salary fund as now provided by law.

"Sec. 2. The county commissioners shall at the time of making the annual levy for county purposes, include in such levy a sum sufficient to pay the salary of all county officers, which when collected shall be credited to the special salary fund."

Nothing contained in this chapter purports to change or fix the amount of the treasurer's salary. Section 1 provides that the fees for services rendered by the county treasurer shall not be deducted from any tax collected except a fee of 4 per cent. on state taxes; and section 2 requires the county commissioners, at the time of making the annual levy for county purposes, to include in such levy a sum sufficient to pay the salaries of the county officers. This clearly refers to the salaries as already fixed by the Code. The treasurer's salary depends, in all cases, upon the population of the respective counties or upon the amount of fees for services rendered by the county treasurer as fixed by section 1836, Pol. Code, and there is nothing in chapter 171, Laws of 1909, that can be so construed as to allow county treasurers a fixed salary of $1,500 per year, regardless of population or services rendered.

It not being shown that the population of Mellette county exceeded 15,000 at any time during plaintiff's term of office, nor that the fees for services rendered as fixed by section 1836, Pol. Code, exceeded $1,200 for any one year, plaintiff was not entitled to more than $1,200 per annum while holding the office of county treasurer.

Two questions of practice are presented upon the briefs of appellant and respondent that we deem it necessary to notice. Upon the trial, the circuit court, instead of entering a judgment determining the cause upon its merits, entered an order, dismissing plaintiff's appeal from the order of the board of county commissioners. This he assigns as error, contending that, under the provisions of section 853, Pol. Code, and section 276, Code Civ. Proc., the case should have been tried upon its merits, a decision in writing made and filed, and a judgment entered accordingly. On the other hand, the responent contends that appellant's notice of appeal and bond, given upon his attempted appeal from the said order, were defective and insufficient in law to constitute an appeal or to confer jurisdiction of the cause upon the circuit court, and that the court could not do otherwise than dismiss such attempted appeal.

Under the view we take of the case, it is not necessary to determine either of these questions. As already shown, the appellant is not entitled to recover in any event. Therefore neither party is prejudiced by the rulings complained of, and the order appealed from is affirmed.