JORDAN, Appellant, v. MELLETTE COUNTY, Respondent.

(161 N. W. 279.)

(File No. 3963.    Opinion filed February 10, 1917.)

1.  **Salaries—Whether "All County Officers" Are Salaried—County Treasurer—Statutes.**

    In view of Laws 1909, Chap. 244, amending Pol. Code, Sec. 1830, relating to fees of sheriff, as amended by Laws 1911, Chap. 229, it cannot be held that the Legislature intended to make "all county offices" salaried offices.

2.  **Counties—County Treasurer—Compensation—Statutory Dimunition of Fees, as Indicating Salary Basis.**

    The mere diminution of fees to be collected by county treasurer, as provided by Laws 1909, Chap. 171, Sec. 1, does not indicate an intent to place the office upon a salary basis.

3.  **Counties—Compensation, County Officers—Unreasonable Statutory Inference From, as to Salary Basis.**

    When a Legislature reduces fees of an office to an amount that would be wholly unreasonable as a salary limit, it may warrant inference that the Legislature supposed the office to be a salaried office.  So held, concerning county treasurer's salary under Laws 1909, Chap. 171.

4.  **Custom—Customary Executive Construction of Statute—Attorney General's Construction of, Judicial Disturbance of—Rule.**

    An established custom or practice by way of construction placed upon a statute for many years by the attorney general, will not be disturbed by the Supreme Court, except when clearly unsupported by law, and then only when the issues presented require an opinion having such effect.

5.  **Salaries—County Treasurer, Whether on Salary, or Fee Basis—Reasonable Compensation, When.**

    If county commissioners, in fixing compensation of county treasurer at not exceeding $1500.00, amounted to failure to fix salary, such official could only recover a reasonable amount as salary.

6.  **Counties—County Treasurer's Compensation, Whether on Salary or Fee Basis, Not Decided—Statute.**

    Under the issue herein presented, the question whether county treasurer's office, under Laws 1909, Chap. 171, is on a salary or fee basis, need not be decided, since the result upon this record would be the same in either case.

Appeal from Circuit Court, Mellette County.  Hon. WILLIAM WILLIAMSON, Judge.

On re-hearing:  On amicus curiæ statement by Attorney General.  Former opinion 38 S. D. 275, 160 N. W. 815,

modified as to decision that Laws 1909, Chap. 171, did not make county treasurer's office a salaried office.

*T. S. Tripp,* and *W. J. Hooper,* for Appellant.

*R. V. Fletcher,* and *Brown & Brown,* for Respondent.

*Clarence C. Caldwell,* Attorney General, amicus curiæ.

WHITING, J. This cause is now before us upon an amicus curiæ statement filed by the Attorney General, by which statement our attention is, for the first time, called to numerous opinions emanating from the Attorney General's office and bearing upon the effect that the enactment of chapter 171, Laws 1909, had upon sections 879-881, Pol. Code. These opinions will be found in the following Attorney General Reports: Report for Years 1909-1910, pp. 327 and 329; Report for Years 1911-1912, pp. 625, 636, and 637; Report for Years 1913-1914, p. 124; Report for Years 1915-1916, pp. 455 and 496. The Attorney General requests that, before transmitting the remittitur herein to the circuit court, we reconsider that part of our opinion wherein we announced that the enactment of said chapter 171, Laws 1909, did not have the effect of making the office of county treasurer a salaried office. Our opinion will be found reported in Jordan v. Mellette County, 160 N. W. 815, and reference is made thereto for an explanation of the matters presented to this court, the statutes considered, and conclusions arrived at.

From a reading of the opinions of each of the several Attorney Generals who have held office since the enactment of said chapter 171, Laws 1909, it will be seen that they have uniformly held that the effect of the enactment of said law was to make the county treasurer's office a salaried office, the salary of which in counties not exceeding 15,000 population is to be fixed by the county commissioners, but cannot exceed $1,500 per annum. Such opinions suggest that the reduction of the county treasurer's fees by section 1 of such law is so radical, and leaves the amount of fees to be collected so small, as to indicate an intent to fix some other basis for measuring the compensation of such office, and that section 2, wherein it provides for the making of a tax levy sufficient "to pay the salary of all county officers," further indicates an intention to make the office of county treasurer a salaried office.

[1-3] We hardly think that, in view of chapter 244, Laws 1909, and chapter 229, Laws 1911, laws relating to fees of sheriffs, it could be held that the Legislature intended to make "*all* county offices" salaried offices, and therefore we are of the opinion that the conclusion announced by the Attorney Generals cannot properly be based upon the provisions of section 2 of such law. Neither do we think that the mere diminution of the fees to be collected by the treasurer necessarily indicates an intent to place his office upon a straight salary basis. At the same time we recognize that there is considerable force in the argument that, when a Legislature reduces the fees of an office to an amount that would be wholly unreasonable as a salary limit, it warrants the inference that the Legislature supposed the office to be at that time a salaried office. We are not so clear that it would indicate an intentional change from a fee to a salary office.

[4-6] We are, however, impressed with the harm that may result from a needless disturbance of an established custom or practice that has arisen, based upon the rulings of the chief law officer of the executive branch of the state government. Such custom or practice should not be disturbed by this court, except when clearly unsupported by law, and then only when the issues presented require an opinion having such effect. In the present case the result to be reached upon this appeal must be the same, whether we consider this a fee office and appellant's salary limited to the amount of fees received, or whether we consider it a salary office, the salary to be fixed by the county commissioners in a sum not to exceed $1,500. What the commissioners did in this case either amounted to the fixing of the salary at $1,200 per year, or else amounted to a failure to fix salary. In this latter case appellant could only recover a reasonable amount as salary, and the record does not show but that $1,200 was a reasonable amount.

Therefore, reserving a determination of the question of whether the office of county treasurer in a county not exceeding 15,000 in population is a salaried office until such time as a determination of such question may be necessary to the decision of some matter before us, and to that extent modifying our former opinion herein, we affirm the order appealed from.