Timothy EFFERTZ, Appellant,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellee.

Civ. No. 910114.

Supreme Court of North Dakota.

Feb. 4, 1992.

Timothy Effertz, pro se.

Dean J. Haas, Asst. Atty. Gen., Bismarck, for appellee.

LEVINE, Justice.

Timothy Effertz appeals from an order of the district court granting the North Dakota Workers' Compensation Bureau's (the Bureau) motion to dismiss. We affirm.

This is a companion case to *Effertz v. Workers' Comp. Bureau*, 481 N.W.2d 218 (N.D.1992) (Civil No. 910113), in which the facts are more fully described. Here, we provide additional details relevant to this appeal. In July of 1990, Effertz filed a complaint naming as defendants the State of North Dakota and the Bureau. Effertz subsequently twice amended his complaint. The second amended complaint set forth one contract claim and three tort claims. Effertz claimed that the Bureau breached its obligation to pay him benefits, negligently and fraudulently handled his case, and intentionally subjected him to emotional distress. The Bureau moved to dismiss under NDRCivP 12(b)(v), claiming that the doctrine of sovereign immunity barred the suit as a matter of law. The district court, relying upon the doctrine of sovereign immunity, granted the Bureau's motion to dismiss. This appeal followed.

■ A majority of this court has held that no suit may be brought against the State unless the legislature has authorized it. *E.g., Livingood v. Meece*, 477 N.W.2d 183 (N.D.1991). The legislature has, however, authorized suits against the State in cases "arising upon contract." NDCC § 32–12–02.[1]

■ Effertz has not provided any authority to support his claim that the Bureau's breach of its obligation to make timely payment of benefits states a claim for relief for breach of contract. Our research indicates that entitlement to workers' compensation benefits is not grounded in contract and does not impose a contractual obligation upon a state workers' compensation agency or fund. *Price v. All American Engineering Co.*, 320 A.2d 336 (Del.1974); *Department of Labor & Employment Security, Division of Workers'*

---

1. NDCC § 32–12–02 says:
   "An action respecting the title to property, or arising upon contract, may be brought in the district court against the state the same as against a private person. Such actions shall be brought in the county in which the property is situated, or the county in which the plaintiff resides. The plaintiff at the time of commencing such action shall file an undertaking with sufficient surety to be approved by the clerk of court to the effect that he will pay any judgment for costs that may be rendered against him."

*Compensation v. Vaughan,* 411 So.2d 294 (Fla.App.1982). A workers' compensation award "is not a debt or judgment, or liability arising out of contract express or implied. (Citation omitted.) It is an obligation imposed by law and arises out of the status or relationship existing between employer and employee." *Bowen v. Hockley,* 71 F.2d 781, 782 (4th Cir.1934); *see also Gaudet v. Exxon Corp.,* 562 F.2d 351 (5th Cir.1977). The North Dakota Workers' Compensation Act is an exercise of the police power of the legislature. *State v. Hagan,* 175 N.W. 372 (N.D.1919).

In *Price v. All American Engineering Co., supra,* the Delaware Supreme Court said that its mandatory Workers' Compensation Act creates "status-oriented" relationships between employers and employees, rather than "contractual" relationships. The court reasoned that any rights or obligations pursuant to the Act are entirely statutory and not contractual. *Id.,* 320 A.2d at 339–40.

■ So too, all rights and obligations under the North Dakota Workers' Compensation Act are wholly statutory. The legislature may change those rights and obligations and the legislature may afford remedies for violations of workers' compensation statutes or may not. At any rate, common-law contract principles cannot be used to expand either the statutory rights of the claimant or the statutory obligations of the Bureau. NDCC § 1–01–06 [there is no common law where the law is declared by code]. We conclude that the district court correctly concluded that Effertz cannot maintain a breach-of-contract claim against the Bureau.

In *Schloesser v. Larson,* 458 N.W.2d 257 (N.D.1990), a majority of this court declined the invitation to abrogate sovereign immunity. *Id.* at 258–59. However, even if "total governmental immunity" were abrogated, "[r]ecognized and useful deferential doctrines about discretionary functions and official immunities would be unaffected." *Dickinson Public School Dist. v. Sanstead,* 425 N.W.2d 906, 911 n. 6 (N.D.1988), (Meschke J., concurring).

■ Even if Effertz had sued in her individual capacity the executive director of the Bureau or other Bureau officials, those individuals would be entitled to official immunity. *See Kristensen v. Strinden,* 343 N.W.2d 67 (N.D.1983). Official immunity is granted for discretionary acts conducted within the scope of official authority. *Loran v. Iszler,* 373 N.W.2d 870 (N.D.1985). Here, Bureau representatives, in administering the Workers' Compensation Act and deciding the issues of Effertz' entitlement to benefits, the amount of the benefits, and the time and duration of the benefits, exercised enough discretion to warrant official immunity.

We conclude that the district court did not err in dismissing Effertz' claims and we affirm the order of dismissal.

ERICKSTAD, C.J., VANDE WALLE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

Justice H.F. GIERKE III, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.