Timothy EFFERTZ, Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee.

Civ. No. 940200.

Supreme Court of North Dakota.

Dec. 23, 1994.

Timothy Effertz, pro se; submitted on briefs.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee; submitted on briefs.

VANDE WALLE, Chief Justice.

Timothy Effertz appealed from a judgment of the district court, Northwest Judicial District, dismissing his appeal from an order of the Workers' Compensation Bureau. We affirm.

Effertz's involvement with the Workers' Compensation Bureau began in 1962 when he was injured while employed by the Minot Rural Fire Association. In 1963, the Bureau found that Effertz qualified for permanent total disability benefits. In 1990, the Bureau awarded Effertz permanent partial impairment benefits retroactive to 1962. A more detailed explication of the facts may be found in *Effertz v. North Dakota Workers' Comp. Bureau,* 481 N.W.2d 218 (N.D.1992) [hereinafter *Effertz I* ].

In 1991, Effertz appealed three decisions of the Workers' Compensation Bureau to this Court. In *Effertz I, supra,* we held that the legislature had not provided the Bureau with authority to pay interest on past-due benefits. In *Effertz v. North Dakota Workers' Comp. Bureau,* 481 N.W.2d 223 (N.D.1992), we held that Effertz could not maintain a breach of contract claim against the Bureau because all rights and obligations under the North Dakota Workers' Compensation Act are wholly statutory. In the third of Effertz's appeals, the Bureau, citing the lack of proper opportunity for argument, moved this Court to dismiss the appeal and remand to the district court for a ruling on the Bureau's order denying Effertz additional supplementary benefits. In his brief in support of the motion to dismiss the appeal, Counsel for the Bureau stated:

"Finally, I note that Effertz has continually asked for a fact hearing concerning his entitlement to supplementary benefits under N.D.C.C. Ch. 65–05.2. Though the question appears to me to be one of law, the bureau will agree to remand for purposes of holding a hearing should Effertz so request."

On July 3, 1991, we ordered:

"that this case be remanded to the District Court of Ward County for the purpose of remanding to the ND Workers Compensation Bureau for a factual hearing on this claim consistent with the Bureau's concession and Effertz's request and for a determination of the amount of attorney's fees due Effertz for this appeal and the remand per Section 65–10–03, NDCC."

On September 30, 1992, we ordered that "the July 3, 1991, Order be clarified to include with the Remand the granting of the Motion to Dismiss the Appeal from the District Court of Ward County to the Supreme Court."

On September 15, 1992, the Bureau's hearing officer issued a Memorandum Opinion and Order which noted that the Bureau had earlier "agreed to reimburse Effertz $5,000.00 for the costs of attorney's fees concerning his appeal of the supplementary benefits issue" and had determined that Effertz was entitled to reimbursement of attorney's fees for representation at the hearing ordered by this Court. It stated that Effertz would be entitled to further attorney's fees on appeal only if he prevailed. This Memorandum Opinion and Order also ordered that Effertz was "entitled to a speedy fact hearing concerning his entitlement to supplementary benefits under Chapter 65–05.2."

Effertz's claim for supplementary benefits was finally given a hearing by the Bureau on August 3 and 5, 1993. On December 6, 1993, the hearing officer concluded that Effertz "is not entitled to additional supplementary benefits." At the time, Effertz was receiving a workers' compensation benefit of one hundred sixty dollars per week. This included fifty dollars per week in permanent total disability payments supplemented with another one hundred ten dollars under NDCC, ch. 65–05.2, Supplementary Benefits.

Although Effertz has filed a lengthy brief which attempts to have this Court revisit issues it has already decided, his argument in support of this appeal can be reduced to his contention that the hearing officer misinterpreted section 65–05.2–02, NDCC, in denying him additional supplementary benefits. That is the issue which we answer in this opinion.

At the time Effertz filed his claim for supplementary benefits, section 65–05.2–02, NDCC, provided:

"Claimants who are eligible for supplementary benefits and who are receiving temporary total disability benefits or permanent total disability benefits are entitled to receive a weekly benefit of at least one hundred sixty dollars per week. Claimants who are eligible for supplementary benefits and who are receiving death benefits are entitled to receive a weekly benefit of at least one hundred dollars per week."

1989 N.D.Laws ch. 772 § 1. Effertz argues that the phrase "weekly benefit" refers to supplementary benefits and, therefore, the statute requires the Bureau to pay him one hundred sixty dollars in addition to the amount he is receiving in permanent disability benefits. Although Effertz states in his brief there is evidence that the legislature intended the meaning which he attaches to the language of the statute, he points us to

no evidence. Furthermore, the legislative history of the supplementary-benefits statute fully supports the Bureau's interpretation that the phrase "weekly benefit" refers to a claimant's total benefit after supplementation.

Chapter 65–05.2, NDCC, was originally enacted in 1979 out of concern that inflation was creating unfairness in the Workers' Compensation Act because many recipients were disabled at a time when the average weekly wage was much lower and the buying power of a dollar was much greater. *See, e.g.,* House Industry, Business, and Labor Comm. Minutes (Jan. 24, 1979). The statute provided for supplementary benefits to those claimants who were "receiving permanent total disability or death benefits as of July 1, 1975, and [were] receiving such benefits as of July 1, 1979." 1979 N.D.Laws ch. 655 § 1. The original benefits of these claimants were supplemented with "twenty percent of the difference between the amount of benefits which the claimant is receiving and the maximum amount of benefits in effect on July 1, 1975." *Id.* at § 2. By 1983, the legislature had raised this to "fifty percent of the difference between the amount of benefits which the claimant was originally receiving and the maximum amount of benefits in effect on July 1, 1975." 1983 N.D.Laws ch. 701 § 1. In 1985, the legislature discarded the formula based on the 1975 amount and instead began providing for a minimum weekly benefit. 1985 N.D.Laws ch. 688 § 4. At that time, the legislature enacted a minimum weekly benefit of one hundred forty-three dollars. *Id.* That figure was fifty percent of the July 1984 maximum payable benefit, which was two hundred eighty-six dollars. Senate Industry, Business, and Labor Comm. Minutes (Mar. 12, 1985). In 1991, section 65–05.2–02, NDCC, was amended to provide that:

> "[c]laimants who are eligible for supplementary benefits and who are receiving permanent total disability benefits are entitled to receive a weekly supplementary benefit such that, when added to their weekly permanent total disability benefit, at least sixty percent of the state's average weekly wage on July first of each year is their combined benefit."

1991 N.D.Laws ch. 714 § 62. At no time during the history of the supplementary benefits provision did the legislature communicate any desire to provide supplementary benefit claimants with anything more than sixty percent of the current average weekly wage.

▮▮▮▮ "The interpretation of an agency charged with the administration of an Act is entitled to weight in construing the Act." *Smith v. North Dakota Workers' Comp. Bureau,* 447 N.W.2d 250, 265 (N.D.1989) [VandeWalle, J., dissenting and concurring]; *Johnson v. Wells County Water Resource Bd.,* 410 N.W.2d 525 (N.D.1987). Also, subsequent amendments to a statute may be used in ascertaining the legislative intent of an earlier version of the statute. *Smith, supra,* [VandeWalle, J., dissenting and concurring]; *State ex rel. Spaeth v. Eddy Furniture Co.,* 386 N.W.2d 901 (N.D.1986). Apparently, the Workers' Compensation Bureau has consistently interpreted the phrase "weekly benefit" to mean the combination of the original disability award and the supplementary benefits. The legislature is presumed to know the construction of its statutes by the executive departments of the State and the failure to amend the statute indicates legislative acquiescence in that construction. *E.g., Northern States Power Co. v. Board of R.R. Comm'rs,* 71 N.D. 1, 298 N.W. 423 (1941).

▮▮▮ In 1991, the legislature made its intent clear by stating that eligible claimants "are entitled to receive a weekly supplementary benefit *such that, when added* to their weekly permanent total disability benefit, at least sixty percent of the state's average weekly wage on July first of each year is their *combined* benefit." NDCC § 65–05.2–02 (Supp.1993) [emphasis added]. When analyzing an amendment to a statute, we will consider whether the purpose of the amendment was to clarify or alter the law. If the intent was to clarify, we will look at the amendment in order to determine rights under the original statute. *In re Farmers State Bank of Viborg,* 466 N.W.2d 158 (S.D. 1991). Our review of the legislative history of the 1991 amendment reveals the intent to clarify, not alter, the statute insofar as the

combination of benefits is concerned. The language conforms to the Bureau's interpretation and leaves no doubt that the legislature intended the minimum weekly benefit amount in section 65–05.2–02, NDCC, to include a combination of permanent and supplementary benefits.

■ The hearing officer correctly interpreted section 65–05.2–02, NDCC, to provide a minimum total benefit after supplementary benefits are added to permanent disability benefit awards. We affirm the trial court's dismissal of Effertz's appeal of the decision of the Workers' Compensation Bureau.

SANDSTROM and NEUMANN, JJ., and JAMES H. O'KEEFE, District Judge, concur.

LEVINE, J., concurs in the result.

JAMES H. O'KEEFE, District Judge, sitting in place of MESCHKE, J., disqualified.